UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:                                                                                         Case No. 9:16-bk-10583-FMD

SEMINOLE TRACKS, INC.

    Debtor.
_____/

### DEBTOR'S RESPONSE TO MOTION TO DISMISS CHAPTER 11 CASE

SEMINOLE TRACKS, INC., as debtor and debtor in possession (the "Debtor"), by and through the undersigned counsel, hereby responds to the Motion to Dismiss (Doc. No. 17) (the "Motion") filed by Dennis Perkins d/b/a Perkins Construction ("Perkins"), and in support of denial of the Motion, states as follows:

### PRELIMINARY STATEMENT

This bankruptcy case was <u>not</u> filed with the "intent to abuse the judicial process and the purposes of the reorganization process" repeatedly and routinely required by courts to constitute "cause" for dismissal. This case was filed for the legitimate purpose of preserving the equity in the Property (as defined below) purchased by the Debtor in 2004. This bankruptcy case further prevents a windfall by Perkins as his claim is far less than the value of the Property, though he apparently seeks to have it all for himself. The Debtor therefore requires the protection of this Court while it achieves a fair and equitable reorganization of its affairs, including addressing its obligations to Perkins and the other creditors. Importantly, the Debtor has already started drafting a viable and confirmable plan of reorganization accompanied by sale and sale procedures motions proposing the timely sale of the Property.

**FACTUAL AND PROCEDURAL POSTURE**

1.     On December 13, 2016, the Debtor filed a voluntary petition under the provisions of Chapter 11 of the Bankruptcy Code (the "Petition Date").  No trustee having been appointed, the Debtor continues to operate it business and manage its property pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.     The Debtor is a Florida corporation that owns approximately 403.86 acres of land having an address of 24515 Dooley Grade Road, Clewiston, Florida 33440 (the "Property").  The Property consists of three parcels containing a paved two mile automobile race and test track, conference room with kitchenette, workshop and storage spaces, an observation tower, observation deck and utilities including electric, water and air conditioning.  The Property is additionally used for raising cattle.

3.     On December 21, 2016 – only eight (8) days after the Petition Date and without conferring with, or even contacting in any manner, bankruptcy counsel for the Debtor – Perkins filed the Motion seeking dismissal of the bankruptcy case for "cause" under Section 1112(b) of the Bankruptcy Code.  Perkins separately seeks stay relief under Section 362(d)(1) for the same alleged "cause" (Doc. No. 16).

4.     The Motion admits the Property was recently listed for sale for "ten million dollars ($10,000,000.00)" and even the Hendry County Property Appraiser has a tax assessed value far in excess of Perkins' claim.  (Motion ¶¶ 8, 14, 16.)  The Motion further fails to allege that the bankruptcy case was filed with the "intent to abuse the judicial process and the purposes of the reorganization process."

## ARGUMENT

5.  Section 1112(b)(4) of the Bankruptcy Code enumerates a non-exhaustive list of factors constituting "cause," including the following applicable at the onset of a case:

  A. substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

  B. gross mismanagement of the estate;

  C. failure to maintain appropriate insurance that poses a risk to the estate or to the public;

  D. unauthorized use of cash collateral substantially harmful to 1 or more creditors; and

  E. failure to comply with an order of the court.

6.  Other circumstantial factors have been identified by the Eleventh Circuit, but the court "has always been careful to add that there is no particular test for determining whether a debtor has filed a petition in good faith, but that in finding a lack of good faith courts have emphasized *an intent to abuse the judicial process and the purposes of the reorganization process*." *In re Star Trust*, 237 B.R. 827, 833 (Bankr. M.D. Fla. 1999) (denying creditor's motion to dismiss in the absence of an intent to abuse the judicial process or the reorganization process) (*emphasis added*) (*citations omitted*).

7.  Here, the Motion argues that this is a single asset real estate case that should be dismissed for "cause" under the limited factors from *In re Phoenix Piccadilly*, 849 F.2d 1393 (11th Cir. 1988). (Motion at 9-13.)[1] The Motion makes no attempt to argue the enumerated factors in Section 1112(b)(4) – likely because none apply. Perkins does not – and presumably

---

[1] There has been no motion filed to determine that the Debtor is a single asset real estate debtor as defined in Section 101(51B). In fact, the Debtor maintains cattle on the Property.

cannot – argue that there is substantial loss to the estate, gross mismanagement, risk to the public, unauthorized use of cash or non-compliance with an order of this Court under Section 1112(b)(4).  Perkins likewise does not argue that there has been "an intent to abuse the judicial process and the purposes of the reorganization process" as has been consistently required by the Eleventh Circuit.  *In re Star Trust*, 237 B.R. at 833-34 (compiling cases).  The failure to argue such cause is fatal to the Motion.

8. Moreover, there is nothing inherently improper about a single asset Chapter 11 bankruptcy case.  *In re Tiffany Square Assoc., Ltd.*, 104 B.R. 438, 441 (Bankr. M.D. Fla. 1989) (*citations omitted*).  Congress expressly acknowledged that Chapter 11 is available to single asset real estate debtors in Section 362(d)(3).  *See also Jacksonville Riverfront Development, Ltd.*, 215 B.R. 239 (Bankr. M.D. Fla. 1997).  Dismissal is inappropriate in "the presence of the honest intention of the Debtor and some real need and real ability to effectuate the aim of reorganization even if it involves the total liquidation of the assets."  *In re North Redington Beach Assocs., Ltd.*, 91 B.R. 166, 169 (Bankr. M.D. Fla. 1988) (finding a lack of bad faith filing even though the petition was filed just ten minutes prior to the foreclosure sale); *In re Metro Palms I Trust*, 153 B.R. 922, 924 (Bankr. M.D. Fla. 1993) (nothing that a mechanical application of the *Phoenix Piccadilly* factors indicated that the case had the hallmarks of bad faith, but stating "[i]n the last analysis, the ultimate test is still whether there is a 'real need' of reorganization and a showing by the Debtor of its ability to effectuate a reorganization within a reasonable time without inordinate delay.") (*citations omitted*).

9. In this case, there "is the presence of honest intention of the Debtor and some real need and real ability to effectuate the aim of the reorganization even if this involves the total liquidation of the assets."  *In re North Redington Beach Assocs.*, 91 B.R. at 169.  This case was

not filed to frustrate any creditor, but to quickly work toward the sale of the Property to preserve the Debtor's equity and ultimately resolve Perkins' claim. The Debtor will file a plan capable of confirmation with accompanying sale and sale procedure motions. Dismissal is therefore inappropriate.

WHEREFORE, the Debtor respectfully requests that this Court enter an order denying the Motion and providing such other and further relief as may be just and proper.

Dated: January 9, 2017.

*/s/ Ryan C. Reinert*
ANDREW M. BRUMBY, ESQ.
Florida Bar No. 0650080
SHUTTS & BOWEN LLP
300 S. Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone:	(407) 835-6901
Facsimile:	(407) 849-7201
E-mail:	*abrumby@shutts.com*

-and-

LARRY L. GLICK, ESQ.
Florida Bar No. 75064
SHUTTS & BOWEN LLP
200 South Biscayne Blvd., Suite 4100
Miami, Florida 33131
Telephone:	(305) 379-9180
Facsimile:	(305) 381-9882
E-mail:	*lglick@shutts.com*

-and-

RYAN C. REINERT, ESQ.
Florida Bar No. 81989
SHUTTS & BOWEN LLP
4301 W. Boy Scout Blvd., Suite 300
Tampa, Florida 33607
Telephone:	(813) 229-8900
Facsimile:	(813) 229-8901
E-mail:	*rreinert@shutts.com*

*Counsel for the Debtor*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and copy of the foregoing has been provided this January 9, 2017, by ☒ First Class U.S. Mail Postage Prepaid, to:

| | |
|---|---|
| Seminole Tracks, Inc.<br>230 Park Avenue<br>c/o Pavia & Harcourt LLP<br>New York, NY  10169 | All parties listed on the attached matrix. |

and by ☒ CM/ECF to:

| | |
|---|---|
| Benjamin E. Lambers<br>Timberlake Annex<br>501 E. Polk Street, Suite 1200<br>Tampa, FL 33602 | Diane L. Jensen<br>Chene M. Thompson<br>Pavese Law Firm<br>P.O. Box Drawer 1507<br>Fort Myers, FL 33902 |

*/s/ Ryan C. Reinert*
Attorney

```
Label Matrix for local noticing          Dennis Perkins                           Seminole Tracks, Inc.
113A-9                                   c/o Diane L. Jensen, Esq.                c/o Pavia & Harcourt LLP
Case 9:16-bk-10583-FMD                   PO Drawer 1507                           230 Park Avenue
Middle District of Florida               Fort Myers, FL 33902-1507                New York, NY 10169-0005
Ft. Myers
Mon Jan  9 11:44:26 EST 2017

Andrew M. Brumby, Esq.                   Dennis Perkins                           Dennis Perkins dba Perkins Construction
Shutts & Bowen LLP                       c/o Pavese Law Firm                      c/o Diane L. Jensen, Esq.
300 S. Orange Avenue, Suite 1000         1833 Hendry Street                       PO Drawer 1507
Orlando, FL 32801-5403                   Fort Myers, FL 33901-3054                Fort Myers, FL 33902-1507


Department of Revenue                    Finworld S.A.                            Hendry County Tax Collectors Office
PO Box 6668                              Via Somaini 10                           25 E Hickpochee
Tallahassee FL 32314-6668                Lugano, Switzerland 6900                 LaBelle, FL 33935-5015



Internal Revenue Service                 Strand Connect Inc                       United Rentals, Inc
P.O. Box 7346                            230 Park Avenue, 24th Floor              100 First Stamford Place Suite 700
Philadelphia, PA 19101-7346              New York, NY 10169-0005                  Stamford, CT 06902-9200



Andrew M Brumby +                        Diane L. Jensen, Attorney for Trustee +  Benjamin E. Lambers +
Shutts & Bowen LLP                       P.O. Drawer 1507                         Timberlake Annex
300 South Orange Avenue, Suite 1000      Fort Myers, FL 33902-1507                501 E. Polk Street, Suite 1200
Orlando, FL 32801-5403                                                            Tampa, FL 33602-3945



United States Trustee - FTM +            Diane L. Jensen +                        Ryan C Reinert +
Timberlake Annex, Suite 1200             Attorney                                 Shutts & Bowen LLP
501 E. Polk Street                       P O Drawer 1507                          4301 W Boy Scout Blvd, Ste 300
Tampa, FL 33602-3949                     Fort Myers, FL 33902-1507                Tampa, FL 33607-5716



Larry I Glick +                          End of Label Matrix
Shutts & Bowen LLP                       Mailable recipients    18
200 South Biscayne Boulevard             Bypassed recipients     0
Suite 4100                               Total                  18
Miami, FL 33131-2362
```